## CARROLL et al. v. CITY OF BEAUMONT et al. (No. 1800.)

Court of Civil Appeals of Texas. Beaumont. May 27, 1929.

Rehearing Denied June 5, 1929.

Howth, Adams & Hart and A. D. Lipscomb, all of Beaumont, for appellants.

George Chilton and J. B. Morris, both of Beaumont, for appellees.

O'QUINN, J. A. D. Carroll, W. C. Gray, N. W. Carroll, and Mrs. A. E. Rachford, alleging themselves to be members of the United Friends of Temperance, Council No. 402, an unincorporated society, and as stockholders and members of the charitable corporation known as the Beaumont Temperance Hall Company, and as citizens and taxpayers of the city of Beaumont, for themselves and on behalf of others of like situation, brought this suit against the city of Beaumont and its officers, seeking to annul and cancel a deed executed by the officers and certain members of the Beaumont Temperance Hall Company to the city of Beaumont, in trust for charitable and benevolent purposes. In the alternative, plaintiffs sought relief in the nature of an accounting for the funds of the trust and to correct alleged diversions thereof.

Appellants, plaintiffs below, in their petition set out with considerable detail the history of the Beaumont Temperance Hall Company and other facts with reference to the property involved, a lot and building alleged to be worth some $200,000. They alleged that on April 16, 1921, certain persons, assuming to act for and on behalf of the Beaumont Temperance Hall Company, executed a purported conveyance of the property to the city of Beaumont for the use and benefit of said municipal corporation, and declaring in said deed of conveyance that it was upon certain terms of trust; that the mayor and city councilmen of Beaumont took possession of said property under and by virtue of said conveyance, and now hold same; and that plaintiffs, for and on behalf of the Beaumont Temperance Hall Company and United Friends of Temperance, Council No. 402, had demanded possession of said property, but that the defendants, by force of arms, had excluded plaintiffs from possession of said premises, and now withhold same from plaintiffs and from all other persons connected with said corporation, the Beaumont Temperance Hall Company, and said society, United Friends of Temperance, having title thereto.

Plaintiffs further alleged that the property had not been properly managed by defendants; that proper and sufficient rents and income were not being received for the use of said property, that no accounting for the income of said property had been made by defendants for a certain time, that said property was going to waste, and that the rents and income from said property were being diverted and applied to causes foreign to and different from the charitable and benevolent objects and uses for which the trust was created, and to which its funds should be applied.

Plaintiffs further alleged that the deed from the Beaumont Temperance Hall Company to the city of Beaumont was and is void, for in that:

(a) "The said conveyance is so ambiguous on its face as to render proper execution of the trust therein declared wholly impossible, it being declared in one part that the conveyance is for the benefit of the society, and in another part that it is for the benefit of the charities above named."

(b) "The city of Beaumont has no right to receive title for the purpose of administering the trust of the nature fixed upon this property by the charter of the corporation in which the title was vested as above shown."

(c) "There has not been such participation in the transfer as the organic law of the society and the corporation owning said property required in order to make conveyance of title."

(d) "The parties assuming to make the transfer of title were without authority to make same."

(e) "The original trustee corporation was without authority to appoint a successor in trust."

Plaintiffs prayed for the appointment of a receiver by the court pending final judgment, and "that upon final hearing the aforesaid deed * * * be canceled and held for naught, and that trustees be appointed by this court, who with their successors, likewise appointed by this court, from time to time, shall perpetually administer the said trust for the benefit of the people of the city of Beaumont, or for the benefit of members of said association and Beaumont Temperance Hall Company as the court may determine in accordance with the provisions of the instrument creating the trust aforesaid, and that the defendants may be required to make a full and complete accounting of all funds of every nature whatsoever that have come into their hands by reason of their possession and control of said property, and show what disposition they have made of said fund, and that the defendants be required to pay into this court all sums whatsoever collected by them, except such as may have been applied to purposes consonant with the provisions of the instrument creating the said trust in its origin." And plaintiffs prayed for such relief, general, special, legal, and equitable, as they might be entitled, together with costs of suit.

Defendants answered, by plea in abatement and by special exception to plaintiffs' peti-

tion, asking that the suit and petition of plaintiffs be dismissed, for the reason that plaintiffs had no legal right to enforce the execution of the public charity referred to in their petition, or to question the title and competency of the city to take and administer the trust, or to take advantage of its alleged inability to execute and perform said charity, or to request the city of Beaumont and codefendants to account to plaintiffs as to the manner of the execution and handling of said charity, in that a suit of the nature as shown by plaintiffs' petition can only be brought by or in the name or under the authority of the Attorney General of the state of Texas.

Defendants further answered by general demurrer, general denial, and by special answer set out with considerable detail the history of the Beaumont Temperance Hall Company and the nature of said corporation, and the facts with reference to the conveyance of the property to the city, denying that the defendants had been guilty of any wrong or trespass, and alleging that on about June 10, 1921, and immediately after the execution by the Beaumont Temperance Hall of the deed in question, the city of Beaumont became possessed of said property and fully accepted the same in trust, as referred to in said deed, and assumed and undertook the execution and carrying out of the trust, and since that time has continuously remained in possession and control of said property, receiving the rents and profits therefrom, to be applied and used for the benevolent and charitable purposes as intended by the donor; that the city desired to continue in the performance of the obligations so incumbent upon it, and to possess, handle, and control said property in trust for the benevolent and charitable purposes as contemplated by the gift and donation of said property.

Defendants further answered, pleading the four-year statute of limitations against plaintiffs' suit for the cancellation of the deed from the Beaumont Temperance Hall Company to the city of Beaumont, and also pleaded the three, five and ten year statutes of limitation in bar of plaintiffs' alleged cause of action.

The case was tried to the court without a jury. The court overruled the defendants' plea in abatement and exception challenging the legal right of plaintiffs to enforce the execution of the public charity in question, and the motion of defendants to dismiss the petition for the want of such power and authority, and also overruled the defendants' general demurrer, to all of which rulings the defendants duly excepted. After full hearing the court rendered judgment that the plaintiffs take nothing by their suit for the cancellation of the deed from the Beaumont Temperance Hall Company to the city of Beaumont, and that said deed be in all things

confirmed upon the trust therein recited, denied plaintiffs' prayer for the appointment of a receiver, but the court entered an order that defendants restore to the charity funds in question, and apply same in accordance with the declaration of charitable purposes as made in said deed, the following four items: Amounts expended by the city on city fair grounds, aggregating $6,772.40; amount transferred to the general fund, $820; flags for American Legion, $213; celebration of bridge opening, $83.34—and the court ruled that there was not sufficient evidence to show that any other expenditures made by defendants out of said trust fund were misapplied, and denied plaintiffs' contentions with reference thereto on that ground only. All parties excepted to the court's judgment and gave notice of appeal, and the case is before us on plaintiffs' appeal. Defendants filed cross-assignments of error, and have brought same forward and urge same here.

The following undisputed facts appear:

An organization known as the United Friends of Temperance, Lodge No. 42, was formed in Beaumont, Jefferson county, Texas, some time in 1873. It was an unincorporated association of individuals. Later, April 10, 1880, the Beaumont Temperance Hall Company was chartered under the laws of the state of Texas. This was composed of members of the United Friends of Temperance, and the purpose of the corporation was to erect a building for the use of the United Friends of Temperance. The charter was in the usual form, the material provisions being:

"Charter of the Beaumont Temperance Hall Company.

"1. Be it known that we, the undersigned, in order to secure the benefits, rights, privileges and immunities granted, under the Constitution and laws of the state of Texas to incorporations have associated ourselves together as a corporate body under the name of 'the Beaumont Temperance Hall Company.'"

"2. The purpose for which such incorporation is formed is the erection of a building for the use of the United Friends of Temperance as a council hall and the promotion of temperance and benevolence.

"3. That the business of said incorporation shall be transacted at the council room in said building in the town of Beaumont in the county of Jefferson and state of Texas.

"4. That said corporation shall exist fifty years, unless sooner dissolved by operation of law.

"5. That said corporation be managed and its business transacted by a board of five trustees, one of whom shall be president of the board; and said board shall appoint a secretary and treasurer and such other officers as may be deemed necessary by said

board. Said board of trustees shall be elected annually at such time and place as the by-laws of the corporation may require; and the following named persons are the appointees as such trustees for the first year, viz.: George W. O'Brien (president), W. J. Owens, Samuel Weber, R. N. Weber, and John W. Leonard (secretary), all of whom are residents of the town of Beaumont in the county of Jefferson and state of Texas.

"6. That said corporation may have a capital stock not to exceed five thousand dollars which capital stock shall be divided into shares of five dollars each, that is to say, one thousand shares.

"7. That the members of the board of trustees shall be members of the United Friends of Temperance or some other temperance organization, of one year's good standing, and otherwise qualified and shall be stockholders in the company.

"8. That said company guarantees to the Beaumont Council No. 402 of United Friends of Temperance a suitable hall to hold its meetings and that all of the surplus funds of the company shall be appropriated to the advancement of the cause of temperance and benevolence or paid into the treasury of the said council to be disbursed for said purposes, but that the said council shall exercise no control or management over said company save as to its hall and to guard it against desecration; and it is to be always understood that the fee of the land whereon said building is to be erected and the ownership of the improvements thereon are in said Beaumont Temperance Hall Company, and not in said council of United Friends of Temperance, and that in the event of the demise of said council, said company shall own said property and be authorized to use the same for any other benevolent purpose whatsoever.

"9. That each share of stock in said company upon which every required assessment has been duly paid, shall entitle its holder to one vote in all meetings of the stockholders."

This charter was amended April 13, 1889, the material provisions of said charter as amended being:

#### "Charter of the Beaumont Temperance Hall Company.

#### "As Amended April 13, 1889.

"1. Be it known that we the undersigned in order to secure the benefits, rights, privileges and immunities granted under the Constitution and laws of the state of Texas, to incorporations, have associated ourselves together as a corporate body under the name of 'the Beaumont Temperance Hall Company.'

"2. The purposes for which such corporation is formed shall be the promotion of the causes of temperance and benevolence and therefor to maintain, use and improve the property of said company and apply and use its funds, income and profits from whatever source due and derived.

"3. That the business of said corporation shall be transacted at its hall, in its building (formerly occupied by Council No. 402, of the United Friends of Temperance, now demised and dissolved) in the city of Beaumont, county of Jefferson and state of Texas.

"4. That said corporation shall exist fifty years from and after the 10th day of April, A. D. eighteen hundred and eighty unless sooner dissolved by operation of law.

"5. That said corporation be managed and its business transacted by a board of ten (10) trustees, one of whom shall be selected as president, another vice president, thereof; and said board may elect or employ a treasurer and secretary and such other officers and agents as may be deemed necessary. Said trustees shall be elected from among the members and stockholders of said association at such time and place as its by-laws and the law may prescribe and may be male or female.

"6. The lands, goods, chattels, rights and credits of said corporation are now (April 13th, 1889) estimated to be of items and values, following, to wit:

A lot of land numbered 78, block 14, Beaumont, Texas, with the Temperance Hall Building and improvements thereon...... $1,500 00
One piano and other furniture and effects and credits ................................. 600 00

$2,100 00

"That said association may have a capital stock not to exceed five thousand dollars, to be held in trust nominally by its members, one share to each member, and divided into five hundred shares of ten dollars, nominal value, each to be issued to and represented by such persons, male or female, with such powers and restrictions, rules and regulations and upon such conditions as the by-laws and the board of trustees may prescribe, in trust, however, for the purposes of this corporation. And as certain stock was heretofore by the board of trustees ordered to be distributed to certain promoters of said purposes, to be held and represented by them in trust and some of said nominal stockholders have died and others have removed from said city of Beaumont, therefore, that said board of trustees shall be authorized to take up and redistribute said stock from time to time, hereafter, or aforesaid or as provided by the by-laws of said association and to be held by the members of the association as above provided to the end that this institution, with its purposes, may be perpetuated: Provided, however, that no more than ten shares of said stock shall be held by nonresidents of said city and county.

"7. That no person shall be eligible as trustees of said corporation, unless they be of good moral character, members and holders

of stock and favorable to the promotion of the purposes of the association.

"8. That, as originally designed, the fee simple title of the lot of land, known as lot No. 78 in block No. 14 of Beaumont and the improvements thereon, shall be and remain in the Beaumont Temperance Hall Company, its successors and assigns forever, or until three-fourths of its members and stockholders shall agree to divest the same, at a meeting called and held for that purpose, and then, only on condition that they at the same meeting, shall make some other provision for the application and use of the proceeds or property, derived or received from such disposition thereof, to some use and purpose in consonance with the purposes of this association and for the administration of such property or proceeds and the profits and income thereof by this corporation, or some other proper agency for such purpose.

"9. That each share of stock, when held under the rules and regulations to be provided by the by-laws shall entitle its holder to one vote in all stockholders' meetings, or meeting of the members of said association."

A copy of the resolution of the stockholders of the Beaumont Temperance Hall Company and of the proceedings of the stockholders relating to the above amendment of the charter were in evidence, which were in due form and certified, and fully authorized the amendment of the charter of said corporation.

The Beaumont Temperance Hall Company duly adopted a constitution and by-laws September 7, 1891, which provided for and regulated the conduct and activities of said corporation, and perpetuated a record of same, which shows that its operations were conducted as therein provided. Under its charter and in consonance with its constitution and by-laws, the corporation continued to function until April 16, 1921, when, in the manner provided in its charter, and in pursuance of a resolution duly adopted by the trustees and stockholders of said corporation, which resolution, among other things, recited: "Be it known that at a general stockholders' and trustees' meeting, duly called, of the Beaumont Temperance Hall Company, held on April 16, 1921, the same being also the regular annual meeting of said company, the following resolution was offered, and upon vote unanimously adopted, to wit: 'Resolved that this company convey its property consisting of lot 78, in block 14, of the city of Beaumont, and the improvements thereon belonging to it, to the municipal corporation of the city of Beaumont in manner and form and upon the conditions set forth in the following deed appended hereto, and that the officers and trustees of said company are directed and authorized to execute said deed, as follows:' [Then follows copy of the deed]— it conveyed the property in question to the city of Beaumont in trust for charitable and benevolent purposes by the following deed: "The State of Texas, County of Jefferson.

"Whereas, on or about May 1, 1889, Joanna A. Curtis, Ellen P. O'Brien, George W. O'Brien, George O'B. Millard, Amma Millard, Mrs. S. Weber, Mrs. R. N. Weber, R. N. Weber, and Annie M. Bacon, signed, executed and filed with the secretary of state, articles of incorporation in the name of the Beaumont Temperance Hall Company, thereby creating a benevolent association, the stock whereof was to be held by its members nominally and in trust and without profit to them for the purposes in said charter stated, as for the promotion of the causes of temperance and benevolence, and said parties together with other charter members of said association further adopted a constitution and by-laws for the government of said company, which was later amended and readopted as of date Sept. 7, 1891, whereby in the furtherance of the purposes of said organization it was specified that not less than one-tenth of the income of the company should be sacredly set aside and disbursed for the purposes of charity; and that not less than one-tenth of the income of said company should be set aside and disbursed in the maintenance of a library fund and reading room in the property of said company, and whereas, said company was then vested with the fee title to lot 78 in block 14, in the original town of Beaumont, according to the map, plat and survey of said city, said property being situated in said county and state, together with the improvements then existing thereon, and whereas the control of said company and said property was vested in a board of trustees, which said board of trustees has from time to time been elected by those holding membership certificates in said company; and whereas, under the management of the respective boards of trustees, they have improved said property, particularly by reason of the aid of the endorsement upon the paper of said company made from time to time by the late Capt. George W. O'Brien, the late Geo. O'B. Millard and Mr. George W. Carroll, until now said property and the building thereon represents a thing of great value, centrally located in said city at the intersection of Pearl and Bowie streets, said lot with its three-story brick building fronting 120 feet on Pearl street and 60 feet on Bowie street; and whereas, many of the original founders of said company and many of the holders of membership certificates in said company have died, and those remaining are becoming aged, and because of certain conditions set forth in said charter, constitution and by-laws, it has appeared quite difficult to interest the younger generations in perpetuating said company; and whereas, it would appear that said company, which in the pioneer days of Beaumont and Texas fulfilled a popular and useful function in providing a

place of entertainment and council for the young men of this section inculcating and promoting as best it could the purposes and motives of temperance and sobriety, but, whereas, the usefulness of said company seems to have now passed to a great extent; and, whereas, said trustees maintained for many years a free library and reading room in said building, which was rarely ever patronized; and whereas, the remaining members and the remaining trustees of said company have long been troubled as to the ultimate disposition and management of said property, and being desirous of placing the title to said property where its proceeds may result in the most general good and where the purposes of its organization may be perpetuated and fulfilled: Therefore, know all men by these presents, that the undersigned being the remaining trustees of said company and constituting a quorum of said board, and the undersigned duly elected and qualified officers of said company, and the undersigned remaining members of said company, and constituting three-fourths of its members and stockholders (in so far as the same may be ascertained by the membership records and certificates of said company), all of the city of Beaumont, in the county of Jefferson, and state of Texas, at a meeting duly called and held for this purpose, for and in consideration of the purposes and premises aforesaid, and for the purposes of best subserving and perpetuating the trusts and purposes of said company, as set forth in its charter, constitution and by-laws, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the municipal corporation of the city of Beaumont, and unto its duly and lawfully elected and qualified mayor and city council and their successors in office, for the use and benefit of said municipal corporation of the city of Beaumont, all of that certain real estate and property situated in the city of Beaumont, according to the map, plat and survey of said city, together with all the improvements belonging to said company thereon situated.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said city of Beaumont, and its duly authorized and elected mayor and council and their successors in office, for said city, forever, subject to the following terms of trust, to wit: Said city of Beaumont shall set apart as aforesaid, not less than one-tenth of the income from said property to be sacredly handled and disbursed for the purposes of charity, and shall likewise sacredly set apart and disburse not less than one-tenth of said income for library purposes, and shall likewise set apart and disburse not less than one-tenth of said income for the promotion of the causes of temperance and benevolence, and said city shall after paying such reasonable and necessary expenses of administration of said property, shall take the residue of the income derived therefrom and apply the same as in the judgment of its mayor and council may seem best and proper to the promotion of the causes set forth and named in said charter, constitution and by-laws, it being intended by this conveyance that said city of Beaumont through its proper and lawful governing body of officials shall so keep and administer said property as to best subserve and perpetuate the purposes of said former Beaumont Temperance Hall Company, and that this property is conveyed to said city for said purposes, by way of dissolution of the said Beaumont Temperance Hall Company, and in an effort to as nearly as feasible perpetuate the good purposes of said company, but otherwise than above specified, it is not intended to shackle this trust with embarrassing exactness, but to leave these matters to the good faith interpretation and administration of the officials of said city, who may be elected from time to time to administer the city's affairs. It is understood that this building and property is for the present under a written lease from said company to Paul H. Millard (which writing was drawn by Judge F. D. Minor of date Dec. 8, 1917, and which lease was expressly authorized and directed by the then trustees of said company, to wit, Philona Weber, Amma Millard, George W. Carroll, Viola C. Johnson, F. A. Land and Addie Langham, and which lease was executed by Mrs. Ellen P. O'Brien as president and Mrs. Lou S. Gardner as secretary of said company, under the written direction and authority of said board of trustees) for a term of 10 years from Jan. 1, 1918, until Jan. 1, 1928, whereby said Paul H. Millard agreed to pay a money rental, and in addition to insure at his expense said building against fire, keep the same in good repair, furnish all light and heat, discharge water rent, and keep all taxes paid of every character assessed against said property, and this conveyance to the city of Beaumont is made subject to said lease from said company to Paul H. Millard and all of its terms. And it is understood that the parties executing this instrument do so in their capacity as representatives of said company, deeming this to be the most equitable and just disposition of said property, and the most efficient provision for the perpetuation of said trust and the purposes of said company, and that said parties executing this are in no wise individually bound hereby, it being expressly understood that they do not individually warrant any right or authority upon their part to convey the same.

"Witness the hand and seal of said the Beaumont Temperance Hall Company hereto affixed by its said trustees, members and officers, this 16th day of April, A. D. 1921. [Signed] The Beaumont Temperance Hall,

by Ellen P. O'Brien, President. Attest: [Seal.] Mrs. L. S. Gardner, Secretary. Paul H. Millard, Viola C. Johnson, Nena R. Moore, Amma Millard, Philona Weber, Geo. W. Carroll, Mrs. J. Frank Keith, Mrs. Ogden Johnson, Trustees.

"This is also executed by the following members: Mrs. Thos. Brown, Christine Chilton O'Brien, Thomas Brown, Underhill Carroll, W. E. Rogers, Mrs. T. S. Reed, Jr., T. S. Reed, Jr., Members."

This deed was duly acknowledged by the persons and parties whose names were signed thereto and delivered to the city of Beaumont and placed of record. The city of Beaumont accepted the conveyance, took charge of the property, and has ever since administered same under the trust.

The record is rather voluminous, and the assignments and counter assignments of error and propositions thereunder presented by the parties are numerous, but, as we have concluded that appellants had no legal right to maintain this suit, and hence no standing in court for that purpose, we shall discuss that question only.

■ Beyond dispute, the title to the property was in the Beaumont Temperance Hall Company. Said corporation, the Beaumont Temperance Hall Company, had the power to convey the property in question to the city of Beaumont, in trust. The power to convey or alienate the property was duly and regularly provided for in its charter. The deed from it to the city of Beaumont was executed in the manner provided in its charter and in accordance with law. The city of Beaumont is a municipal corporation existing under a charter adopted under the constitutional amendment (Const. art. 11, § 5) known as the "Home Rule Act." In regard to cities adopting charters under this constitutional amendment, the statutes of the state provide—article 1175 (1096d) R. S. 1925—that such cities shall have the full power of local self-government, and among other powers that may be exercised are the following: "To hold by gift, deed, devise or otherwise any character of property, including any charitable or trust fund. * * *" Said article further provides (subdivision 15) that any such city shall have the power to take any property within or without the city limits for any of the following purposes: City halls, libraries, school houses, high school buildings, academies, hospitals, cemeteries, sanitariums, auditoriums, court house, reformatories, abattoirs, fire stations, sanitariums, crematories, parks and play grounds; and such cities have authority to establish and control public schools and enforce ordinances to protect life and property (subdivisions 32, 34).

The charter adopted by the city of Beaumont under the provisions of said constitutional amendment and under the laws above referred to provides in section 5 that the city of Beaumont "may acquire property in fee simple or lesser interest or estate by purchase, gift, devise, appropriation, lease or lease with the privilege to purchase for any municipal purpose; may sell, lease, hold, manage or control such real, personal or mixed property, and make any and all rules and regulations by ordinances or resolution which may be required to carry out fully all the provisions of any conveyance, deed or will in relation to any gift or bequest"; and section 6 (44) provides that the city shall have the right "to regulate and control public charities." It is thus seen that by the statutory law of the state and the provisions of its charter, adopted under and by virtue of said statutory law, and in consonance therewith, the city of Beaumont had full power to accept said trust and administer same. Furthermore, the general rule is that municipal corporations may accept and administer a trust committed to it for charitable purposes germane to the objects of the corporation, unless prohibited by statute. 3 McQuillin on Municipal Corporations, § 1128; same authority, vol. 5, § 2457; 11 C. J. "Charities," § 54; 5 R. C. L. "Charities," § 42; 3 Dillon on Municipal Corporations, §§ 982, 987, 988; Vidal v. Girard's Executors, 2 How. 127, 11 L. Ed. 205; Bell County v. Alexander, 22 Tex. 351, 364, 73 Am. Dec. 268; Treadwell v. Beebe, 107 Kan. 31, 190 P. 768, 10 A. L. R. 1359, 1368; Woods v. Bell (Tex. Civ. App.) 195 S. W. 902.

■ It is seen that, under the facts and the law, the trust in question is a *public charitable trust*, legally lodged in the city of Beaumont as trustee and being administered by said city. This brings us to the discussion of what we deem the decisive question in the case, namely: Have appellants the legal right to maintain this suit to enforce the execution of said public charity, or to question the right and competency of the city, or to urge its alleged inability to execute and perform said trust for charitable purposes, or to require the city of Beaumont and other appellees to account to appellants as to the manner of the execution and handling of said charity? In answering this question, it must be borne in mind that the rule applicable to a *public* charitable trust does not apply to a *private* charity. Where a charitable gift is for the benefit of some particular person, corporation, or class of persons, as distinguished from the public generally, then that would be a private charity, and the beneficiary or beneficiaries, of course, could enforce the execution of the trust. Nor would the rule apply where the suit is by some one claiming a reversionary interest by reason of a forfeiture for the breach of trust, or the termination of the trust for some reason, such as the heirs of the donor or some one entitled in private right to the property as the result of a revision, nor would the rule apply where the grantor or donor reserves some visitorial pow-

er or supervising authority in the instrument creating the trust, even when a public trust.

In the instant case the grantor, the Beaumont Temperance Hall Company, conveyed its property to the city of Beaumont without any sort of reservations; it parted with *all* of its title or rights in or to the property in question. Appellants are not trustees charged with any duty relating to said trust, nor do they have any peculiar or individual rights, distinct from those of the public at large, in or to said property. That being true, it is well settled that they cannot maintain suit either to challenge the legality of the trust, the power of the city to act as trustee, or to enforce the execution of said trust, or to have an accounting as to same by appellees. The subject-matter of the suit being a public charity, no final and conclusive settlement can be made, unless the state is represented, for public charities are public benefices and the state is interested in giving force and effect to them, and, for this to be done, the action must be brought by the Attorney General, either on his own motion or on the relation of any party legally concerned. 5 R. C. L. "Charities," §§ 98, 99; 11 C. J. "Charities," §§ 83, 84, 85, 86, and 90; Perry on Trusts (6th Ed.) vol. 2, § 744; Vidal v. Girard's Executor, 2 How. 127, 11 L. Ed. 205; MacKenzie v. Trustees of Presbytery of Jersey City, 67 N. J. Eq. 652, 61 A. 1027, 3 L. R. A. (N. S.) 227; People ex rel. Smith v. Braucher et al., 258 Ill. 604, 101 N. E. 944, 47 L. R. A. (N. S.) 1015; Clark v. Oliver, 91 Va. 421, 22 S. E. 175; Carroll County Academy v. Trustees of Gallatin Academy, 104 Ky. 621, 47 S. W. 617; Chas. Scribner's Sons v. Marrs, 114 Tex. 11, 262 S. W. 722, 727; Gibson v. Frye Institute, 137 Tenn. 452, 193 S. W. 1059, L. R. A. 1917D, 1062.

The right of appellants to maintain this suit was challenged in the trial court by appellees by their plea in abatement. This plea was overruled. In this the court erred. As this holding disposes of the case, it is not necessary for us to discuss any of the other questions presented.

The judgment of the trial court is here reversed in toto, and remanded to the trial court, with instructions to sustain appellees' plea in abatement and to dismiss the suit.