**CITY OF BEAUMONT, Appellant,**

**v.**

**Jennie FERTITTA et al., Appellees.**

**No. 6678.**

Court of Civil Appeals of Texas.

Beaumont.

June 24, 1965.

Rehearing Denied July 21, 1965.

King, Sharfstein & Rienstra, Beaumont, for appellant.

W. G. Walley, Jr., Keith, Mehaffy & Weber, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

The City of Beaumont, lessors, brought suit against the successors in interest of Sam Fertitta, lessee, to cancel and hold for naught two certain amendments to a leasehold contract, for rent due under the original lease, and for taxes. The Jensam Corporation, being the successor in interest to the original defendants, was thereafter substituted as the sole defendant in the case.

The City has appealed from the judgment of the trial court denying its motion for summary judgment and from a summary judgment in favor of the Jensam Corporation upholding validity of the original lease and the two amendments subsequent thereto.

The property involved was conveyed to the City as a public charitable trust and was legally lodged in the City as trustee and being administered by it. For the complete nature and history of said property, see Carroll v. City of Beaumont, Tex.Civ.App., 18 S.W.2d 813. On November 14, 1928, City and Sam Fertitta entered into the original lease which was for a term of 99 years, commencing December 1, 1928, and ending November 30, 2027. The substance of the pertinent paragraphs of said lease being:

A decennial appraisal of the property *exclusive of improvements,* by mutual agreement between the lessor and lessee, if possible, but if not, then by arbitration, and the payment by the lessee to lessor of a rental for each ten year period of an amount equal to six percent per annum of such agreed or arbitrated value, payable in monthly installments, in advance. It was agreed that, for the first ten years that the value of the property, exclusive of improvements, would be fixed at $130,-000.00—an annual rental of $7,800.00;

"(9) It is the contention of Lessee that the property and premises herein leased are not subject to taxation, but it is agreed, however, that Lessee shall pay to Lessor, in addition to the rent herein provided to be paid, as taxes or as a special assessment against the property herein leased annually as and when taxes assessed by Lessor accrue and become payable, beginning with the year 1929, an amount equal to all taxes that would be assessable by Lessor against said property if same were taxable. Lessee further agrees that if said property is subject to taxation by the State and County, he will pay as they accrue all taxes assessable against said property by said State and County."

On October 3, 1933, the City Commission of appellant adopted a resolution which recited the recognition by appellant's governing body at the time of the existence of the severe, prolonged national economic depression and authorized amendment of the original lease to reduce the annual payments by the lessee to lessor to $5,000.00 per year until December 1, 1938, on which date the payments by the lessee should be in accordance with the terms and provisions of the original lease. This amendment specified that from October 1, 1933, to December 1, 1938, the total considerations and monies payable by Sam Fertitta to the City under the lease shall be reduced to the sum of $5,000.00 per annum payable in equal monthly installments * * * which consideration of $5,000.00 shall be in lieu and substitution of any and all other considerations provided in said lease.

A little over a year later, January 2, 1935, the City expressing cognizance of the economic depression, the parties entered into a new agreement supplanting the 1933 amendment providing that:

(a) for the period commencing January 1, 1935, and ending December 1, 1938, lessee should pay City $5,100.00 annually in equal monthly installments in lieu of any and all considerations provided in the original lease

(b) for the term commencing December 1, 1938, and ending December 1, 1968, lessee should pay lessor

* * * the sum of Six Thousand ($6,000.00) Dollars per annum, payable in equal monthly installments on the first day of each and every month of said term, of which consideration of Six Thousand ($6,000.00) Dollars per annum, Four Thousand ($4,000.00) Dollars shall be by way of rental and Two Thousand ($2,000.00) Dollars shall be by way of special assessment in lieu of the provision of said lease contained in paragraph 9 thereof, and the same shall be and is hereby made in lieu and substitution of any and all considerations, assessments, and payments provided in said lease contract.

* * *

(c) beginning December 1, 1968, payments by the lessee to the lessor should be made for the remainder of the demised term in accordance with the original terms of the lease.

Appellant did not in the trial court, nor here, question the validity of the original lease. The substance of its six points of error being that the subsequent amendments thereto of 1933 and 1935 were invalid novations which released and extinguished an indebtedness in the form of rent due the City within the prohibition of Article III, Section 55, Constitution of the State of Texas, Vernon's Ann. St. Also, that the 1935 amendment exempts by commutation the leasehold estate from bearing its proper and lawful share of taxes within the prohibition of Article VIII, Section 2, Constitution of the State of Texas.

Article III, Section 55, supra, of the Constitution, reads:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

After setting forth enumerated exemptions from taxation, Article VIII, Section 2, of the Constitution of the State of Texas concludes:

" * * * and all laws exempting property from taxation other than the property above mentioned shall be null and void."

■ We first treat City's contentions that the amendment of 1935 amounted to a commutation or exemption of taxes on the leasehold, and in such connection, we observe Article XI, Section 9, of the Constitution of Texas, reading:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and sites therefor, fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public, shall be exempt * * * from taxation."

City does not deny that the leasehold was a public charitable trust administered exclusively by it for the use and benefit of the public and the decision of Carroll v. City of Beaumont, supra, definitely established that the property involved there and herein was conveyed to and held by it for public purposes contemplated by the Constitution of Texas; Art. 1175, Revised Civil Statutes of 1925, and the Charter of the City of Beaumont of 1919. The effect of the holding of the Supreme Court in Daugherty, Tax Collector v. Thompson, 71 Tex. 192, 9 S.W. 99, is:

"that if the rentals or profits from lands of a county, city or town owned and held only for public purposes are

devoted exclusively to the public purposes designated, such property is absolutely exempt from taxation by the county, city or town owning the same and by all other taxing authorities whether leased or not by reason of Article XI, Section 9, of the Constitution of Texas. Since no act of the legislature can empower the appellant city, the State of the County to require or allow the property involved, whether the fee or the lesser estate, to be taxed, there can be no question presented in this cause of any violation of the constitutional provisions embodied in Article VIII, Section 2, Constitution of Texas."

See also Upshur County v. Heydrick, Tex. Civ.App., 221 S.W.2d 326 (err. ref. N.R.E.)

■■■ With reference to City's contentions that the 1933 and 1935 amendments released and extinguished rents due and unpaid to it under the original lease within the prohibition of Article III, Section 55, supra, of the Constitution, we observe that a new set of obligations owing by the lessee to the City was created by such amendments. Nothing in the record before this court reflects that the new obligations undertaken by the lessee in the amendments were not more valuable to the lessor, in dollars and cents, than those originally undertaken by the City in the original lease. The novation amendments must have been supported by that which, at such time, was a valuable consideration. Uphsur County v. Heydrick, supra. The assurance to the City that it would receive $5,100.00 per year for 3 years and $6,000.00 per year for the following 20 years, regardless of economic conditions and property valuations, must have been viewed as a valuable and gainful consideration and substitute for the original obligation to pay the percentages specified of the ever declining value of property in those depression days of 1935. It is to be presumed that the City Fathers' official acts were in good conscience and in accordance with the best usages and principles of business.

All of the City's contentions are overruled and the judgment of the trial court is affirmed.