The Mayor, Aldermen and Citizens of PHILADELPHIA *against* ELLIOTT, and another, Executors of WILLS.

A bequest to a corporation, not for its general purposes, but in trust for particular objects within the scope of its corporate duties, is good.

Therefore, a bequest to the Mayor and Corporation of the City of Philadelphia, in trust to purchase a lot of ground, and erect thereon a hospital for the relief of the indigent blind and lame, and to manage and regulate the institution, &c. is a good and valid bequest to the Mayor, Aldermen, and Citizens of Philadelphia, for the purposes, and upon the trusts declared in the will.

IN this cause, a verdict was, by agreement of the parties, rendered for the plaintiffs, for the sum of one hundred thousand dollars, subject to the opinion of the court, whether upon the evidence, the plaintiffs were entitled to recover a residuary bequest contained in the will of *James Wills*, deceased. If the opinion of the court should be in favour of the plaintiffs, the judgment to be entered on the verdict, was by the agreement, to be released on the defendants' transferring to the plaintiffs certain stocks therein specified. The agreement contained other provisions, which it is unnecessary to state.

The decision of the cause turned exclusively upon the question, whether the bequest contained in the following clause in the will, was a good and valid bequest, according to the law of *Pennsylvania.*

" *Item.* All the rest, residue, and remainder of my estate, real, personal, and mixed, both that which I now hold, and all that I may hereafter acquire, I give and bequeath to the Mayor and Corporation of the City of *Philadelphia* for the time being, and to their successors in office forever, in trust for the purchase of a sufficient plot of ground in the city of *Philadelphia,* or in the neighbourhood thereof, and thereon erect, or cause to be erected, suitable buildings and accommodations for an hospital or asylum, to be denominated ' *The Wills*' *Hospital for the relief of the indigent blind and lame.*' The funds thus appropriated are to be put out on good mortgage security, or city stock, and after expending the necessary sum for the lot and improvements heretofore mentioned, the income of the remainder is to be exclusively applied to the comfort and accommodation of as many of the indigent blind and lame, as the income will admit of, after defraying the necessary expenses incident to such an establishment. And to the aforesaid Mayor and Corporation of the said city, and their successors in office, is entrusted the duty of appointing trustees or managers, and all other matters and things in any wise appertaining to the due fulfilment of the aforesaid bequest, the right regulating of the establishment, and ensuring the right application of the funds to the purposes heretofore stated, and for the sole use and be-

nefit of the indigent blind and lame, giving a preference to those persons resident in *Philadelphia* and its neighbourhood.

" *Item.* Should any dispute or misapprehension arise respecting any informality, in a legal sense or otherwise, in any of the preceding bequests, I will and ordain that they be taken according to their literal meaning, and acted upon accordingly, so as not to defeat the just and charitable intentions of the said testator."

*Sykes* and *Binney*, for the plaintiffs, cited *Witman* v. *Lex*, 17 *Serg. & Rawle*, 90. 2 *Ruff. Stat.* 708. *Preston on Legacies*, 233. 267. *Duke on Charitable Uses*, 375. 377. 380.

*J. R. Ingersoll, contra*, referred to the original charter of the City of *Philadelphia*, 1 *Dall. State Laws, App'x.* 11, and to the acts of 11 *March*, 1789, 2 *Sm. L.* 462, and 2 *April*, 1790, 2 *Sm. L.* 526.

The opinion of the court was delivered

PER CURIAM:—Although the property involved in the event be immense, the question is without difficulty, the principal point having been determined in *Witman* v. *Lex.* The difference attempted here, depends on a supposed want of capacity in the plaintiff to act as a trustee for purposes foreign to the object of its incorporation. How far we might be disposed to disregard an objection depending on technical reasons, in consequence of being without the extraordinary powers of a chancellor, to prevent a trust from failing of effect for want of a trustee, it is at present unnecessary to say, as one of the very objects of this corporation is precisely that, which is indicated by the testator—the maintenance and care of its indigent blind and lame. The only thing peculiar to the fund, is the direction to apply it, not to the general purposes of the corporation, but to particular objects within the scope of its corporate duties ; and for the accomplishment of those objects, it is clear, that it has capacity to take and to act as a trustee.

Judgment for the plaintiffs according to the agreement filed.