## T. W. CHAPPELL v. G. W. BROOKS.

1. Judgment on a joint and several promissory note was rendered against one of the makers, and against the administrators of another maker, who was deceased. The note had never been presented to the administrators, but they did not appeal from the judgment. *Held*, that as to the surviving maker, by whom the appeal is taken, there is no error in the judgment. He cannot complain of an error which affects his co-defendants only.

ERROR from Washington. Tried below before the Hon. B. Shropshire.

The opinion states the material facts of the case.

*Sayles & Bassetts,* for plaintiff in error, insisted that the judgment was indivisible in its nature, and being erroneous as to the administrators, must be reversed as to all the defendants. They cited Paschal's Digest, Art. 1310, and Hulme v. Janes, 6 Texas, 242.

*Mills & Tevis,* for defendant in error.—The administrators do not complain of the judgment—they are no parties to the proceedings in error. Thomas W. Chappell alone is the plaintiff in error. He files it for none other but himself. He prays for a *supercedeas* only as to himself. The error bond is given by himself and his sureties.

By the petition in error we determine the parties to the suit. (23 Tex., 179.)

The judgment below as against the administrator, is not before this court in this record. They not not ask its reversal or revision.

Though there be irregularity in this judgment, as against the administrators, still this does not affect the plaintiff in error, Thomas W. Chappell.

He cannot (and has not) assign errors committed alone against his co-defendants below, which do not affect him. (Hendrick v. Cannon, 5 Tex., 248; Sartain v. Hamilton, 14 Tex., 348; Cheatham v. Biddle, 8 Tex., 162; Herndon v. Bremond, 17 Tex., 434.)

The note sued on was a joint and several promise, and even if the administrators were before the court (which is not the case) the judgment is good against Chappell, the plaintiff in error, though it might be remanded as to the administrators.

No judgment can be indivisible which is rendered on a note like this. The facts in 6 Texas, p. 242, do not appear in the Report.

The administrators should have excepted to the petition. (See Cummings v. Jones, Dallam, p. 532.)

DENISON, J.—This is a suit upon a joint and several note, signed by G. W. Chappell, E. S. Buck and Thomas W. Chappell, payable to G. W. Brooks, administrator of Milton Brooks, deceased, for the sum of three hundred and sixty-eight dollars. The petition sets forth " that E. S. Buck, one of the signers of the note, had departed this life, previous to the commencement of this suit, and that James Whitworth and T. B. Woods were the administrators upon his estate." Service was had upon the administrators of Buck's estate and upon Thomas W. Chappell. The suit was dismissed as to G. W. Chappell, not served, and judgment was rendered against Thomas W. Chappell, and against the administrators of Buck's estate, to be paid in due course of administration.

The appellant claims that there was error in the judgment, in this, that the claim does not appear to have been presented to the administrators for acceptance and rejected by them. Thomas W. Chappell is the only appellant complaining of the judgment; the administrators of Buck's estate do not appeal or ask the reversal of the judgment. As to the appellant, there seems to be no error

in the record, and *he* cannot complain of any error in the record committed against his co-defendants. Therefore it is the opinion of this court, that the judgment should be affirmed as to the appellant.

The judgment is therefore affirmed as to Thomas W. Chappell.

Affirmed.