**GIBSON v. RICHTER et al.**

No. 9867.

Court of Civil Appeals of Texas. San Antonio.

Oct. 14, 1936.

Mitchell Schwartzman and W. R. Blackshear, both of Laredo, for appellant.

Hicks, Dickson & Lange and James M. Williamson, all of Laredo, for appellees.

MURRAY, Justice.

This is an attempted appeal by Gordon Gibson, Esq., from a judgment of the district court of Webb county, dismissing, without prejudice, his motion to have his fee fixed as attorney for Mrs. Glendale Richter in a divorce suit filed by Mrs. Richter against her husband, Carlos Richter, and from a judgment dismissing the divorce suit.

We are met on the threshold of this cause with the inquiry as to whether Gordon Gibson, Esq., under the law and the facts in this cause can maintain this appeal. He was not an original party to this suit. He, as attorney for Mrs. Richter, filed this suit against Carlos Richter on January 16, 1935. The suit was in the nature of a divorce proceeding and also asked for a division of property. No citation was issued at the request of Mrs. Richter.

On June 14, 1935, Gordon Gibson, Esq., filed a motion in said cause asking the court to fix the amount of his fee and to allow him judgment in the amount fixed by the court. On the same day (June 14th) Mrs.

352

Glendale Richter filed a motion asking that her suit for divorce be dismissed, and alleging that the motion for attorney's fees filed by her former attorney, Gordon Gibson, was without her consent; to which motion Mr. Gibson replied, setting up the service he had rendered and asking that the divorce suit be not dismissed until his attorney's fees had been allowed.

The judgment of the trial court is short, and reads as follows:

"On this the 14th day of June, 1935, came on to be heard in the above styled and numbered cause, the motion of the plaintiff to dismiss this cause and to strike the original petition herein filed from the records of this cause and of this Court, and at the same time came on to be heard the motion of Gordon Gibson for the allowance to him of attorney's fees for representing the plaintiff in this cause upon the filing of this suit, and thereupon the plaintiff appeared upon the motion to dismiss by her attorney James M. Williamson, and the plaintiff Glendale Richter and the defendant Carlos Richter appeared by their attorney James M. Williamson on the motion for attorney's fees, and Gordon Gibson appeared in person and by attorney; upon hearing and reading said motions and what was alleged by counsel, the Court is of the opinion that this cause should be dismissed completely and that the motion for attorneys fees should not be heard herein, but that the rights of the attorney, if any, should be set up and established in a separate action:

"It is, therefore, ordered, adjudged and decreed by the Court that the motion of Gordon Gibson for the allowance of attorney's fees for his services herein should be and hereby it is dismissed, without prejudice to which ruling and action of the Court the said Gordon Gibson in open Court excepted.

"It is further ordered, adjudged and decreed that this cause be and hereby it is dismissed, and that after the determination of any appeal taken by Gordon Gibson from the ruling in this cause dismissing his motion and the cause, and after the disposition of any independent action, should one be brought for the recovery of attorney's fees by the said Gordon Gibson, the said original petition be struck from the records of this cause and of this Court.

"It is further ordered that plaintiff pay all costs in this behalf incurred, except the costs in connection with the motion of the said Gordon Gibson for allowance of attorney's fees which are adjudged against the said Gordon Gibson.

"To which ruling and action of the Court the said Gordon Gibson in open Court excepted and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District, sitting at San Antonio."

It appears from this judgment that the trial judge dismissed, without prejudice, the motion made by Gibson and then dismissed the suit for divorce. Gibson was not a party to this suit, and he did not ask leave to intervene in same. He is not a privy to either party to this divorce suit.

It is a general rule that only parties to the record, or those in privity with them, may appeal or sue out a writ of error. 3 Tex.Jur. § 80, p. 144.

One who intervenes in an action thereby becomes a party to it and may prosecute an appeal from a judgment adverse to his interest. But persons who have no right to intervene in the action, or who were properly denied intervention, may not appeal from a judgment rendered by the trial court, since they are not parties to the action. 3 Tex.Jur. p. 145, § 81.

An attorney who merely represents a party in his professional capacity may not appeal in his own name from a judgment against the client. 3 Tex.Jur. p. 148, § 86.

Gibson was not a party to this suit in any sense of the word and is not permitted under the law to prosecute an appeal. The appeal will therefore be dismissed.