## BLESSING–GIDDENS MILL & LUMBER CO. v. FULLER.

### No. 13245.

Court of Civil Appeals of Texas. Dallas.
Nov. 6, 1942.

Rehearing Denied Nov. 27, 1942.

McCraw & Holt, of Dallas, for appellant.

W. F. Bane, of Dallas, for appellee.

LOONEY, Justice.

Blessing-Giddens Mill & Lumber Company, a corporation originally chartered as Blessing & Fuller Mill & Lumber Company, was engaged in the business of manufacturing and selling planing mill products used in the construction and repair of buildings and other structures. The stock of the corporation was owned equally by W. L. Fuller, A. S. Blessing and J. R. Giddens. Being in need of additional funds, each of the stockholders loaned the Company $500 on December 23, 1938, and again on January 6, 1939, $1,000 additional, for which notes were given. The two notes payable to appellee were signed by officers of the Company, although a corporate indebtedness. Prior to September 8, 1939, the stockholders had drawn $100 per week as salary, but on that date agreed to reduce same to $45 per week. Friction having arisen between Fuller and Blessing, on July 15, 1940, Fuller offered to sell his rights and holdings in the corporation to Blessing for $6,000, or would pay Blessing $6,000 for his rights and holdings. The offer to sell was immediately accepted by Mr. Blessing, that is, he purchased Fuller's interest on the terms offered, and the following written memorandum was executed by the parties: "This agreement entered into by and between A. S. Blessing & W. L. Fuller W. L. Fuller sells to A. S. Blessing all of his rights and holdings in the Blessing & Fuller Mill & Lumber Co. for the sum of $6,000, Six Thousand & —— No/100 Dollars. The above sum is to be paid in cash. Said Blessing & Fuller name to be changed leaving the name of Fuller off the name, and out of the Company. All debts to be paid by the new firm, all accounts receivable to be the property of the new Company." (Signed)

After the consummation of the trade, that is, the execution of the written instrument, the transfer of stock by Fuller to

Blessing and the payment of the agreed consideration, Fuller demanded payment of back salary and the two notes he held against the Company. The back salary claimed was $55 per week, balance of the original salary after payment of $45 beginning September 8, 1939. It seems that up to this time, back salary had not been mentioned and nothing said by either party in regard to payment of the notes. After some parleying and, it seems, after Blessing consulted a lawyer, the demand of Fuller for payment of back salary and the two notes was refused, resulting in the institution of this suit.

In his original petition, which was filed on September 4, 1940, plaintiff sued the corporation as well as Blessing and Giddens on the notes, alleging that, as agreed, the notes should have been signed by the corporation, but due to a mutual mistake, were signed only by the officers of the corporation; and further, that the note for $1,000 should have borne interest at the rate of 6% per annum, but, due to a mutual mistake, failed to so provide; prayed for the reformation of the notes, in the respects mentioned, and for judgment thereon as reformed, against the corporation, and against Blessing and Giddens individually; also sought judgment against the Company for the amount of back salary claimed.

On September 30, 1940, Blessing and Giddens filed a plea in abatement based on the ground of misjoinder of parties and causes of action; and on March 19, 1941, the corporation, Blessing, and Giddens filed a joint answer, subject to the plea in abatement, containing exceptions, general and special, general denial and, among others, a special plea, alleging in effect that the transaction between Blessing and Fuller, of July 15, 1940, whereby Fuller sold all his rights and holdings in the corporation to Blessing, had the effect of transferring to him all and singular any indebtedness, if any, Fuller held against defendant corporation, hence he was estopped thereby to assert any claim or debt against the corporation; the contention being that, by reason of said transaction, Fuller sold and assigned to Blessing all rights and holdings in the Company and received full consideration therefor, "Wherefore, premises considered, defendants pray that they go hence without day and recover their cost." On March 29, 1941, the plea in abatement filed by Blessing and Giddens coming on for consideration, appellee, in open court, dismissed as to them in so far as judgment against them was sought on the two notes, but it seems they were retained in the case as defendants on the issue in regard to the reformation of instruments. After appellee dismissed as to Blessing and Giddens, their plea in abatement was overruled; and after considering the exception urged to his original petition, the court granted Fuller leave to amend, and on July 26, 1941, his first amended original petition was filed upon which trial was had.

In this state of the pleading, on July 28, 1941, the cause was tried, resulting in judgment in favor of appellee against the corporation, reforming the notes, and as reformed, for the full amount of the notes, principal, interest and attorney's fees; also that appellee take nothing as against Blessing and Giddens, and take nothing against the corporation for back salary. The corporation alone excepted, gave notice of and perfected an appeal.

■ Propositions 1 to 6, inclusive, urged by appellant, present the only question for consideration; that is, whether or not the two notes sued upon by Fuller were included in and passed to Blessing in their transaction of July 15, 1940? If, as the result of this transaction, Blessing became owner of the notes, Fuller would have no right to recover thereon. Fuller occupied a dual but incongruous relationship to the corporation; that is, was both stockholder and creditor; as stockholder, he sold to Blessing all his rights and holdings in the corporation; stipulated that the name of the corporation should be changed (which was later done), and that "all debts to be paid by the new firm." The notes in question were not assets of the corporation, but liabilities, and, in our opinion, did not pass from Fuller to Blessing in the transaction; hence, we think the judgment of the court below was correct.

■■ Appellant also contends that the court erred in overruling the plea in abatement filed by Blessing and Giddens. Neither Blessing nor Giddens appealed and appellant, having no interest in that matter, cannot complain of the action of the court as against Blessing and Giddens. However, if the matter were properly presented for review, we would be inclined

to hold that the court did not err. One of the notes bore the signatures of Blessing and Giddens, as officials of the corporation, and the other, the names of appellee and Giddens, as officials of the corporation. Appellee sought to have these instruments reformed so as to show that they were obligations of the corporation. It seems that, in such a situation, all signers of the note were at least proper parties. See 53 C.J. 1005, § 157. The judgment of the court below is affirmed.

Affirmed.