**GREEN v. GREEN et ux.**

No. 14468.

Court of Civil Appeals of Texas. Dallas.
Feb. 29, 1952.

Rehearing Denied March 28, 1952.

Subject matter of litigation is Charles William Green, born July 17, 1949; the father, Fred Worth Green, in turn, being the adopted son of Mrs. Pearl Green, appellant. Shortly after birth, Charles was turned over to the elder Mrs. Green, the natural parents seeking repossession in this proceeding. Appellant's answer to the suit was in nature of a disclaimer; alleging that the child was "in the hands of other parties" who could support it and were willing to take steps toward adoption; that personally she was financially unable to support it; that so far as the parents were concerned, the child was neglected and dependent; and suggesting that the entire matter be referred to the Dallas County Juvenile Department for such a determination.

Sam Davis, Chief Probation Officer, Dallas County, accordingly intervened, detailing facts under which the infant should be adjudged a ward of the court and placed with Juvenile authorities pending trial. Such temporary custody was ordered, the cause later coming up for trial on June 4, 1951, with the following results: The parents, Fred and Agnes Green, were given complete custody of Charles William Green for a probationary period of six months; they being ordered to report monthly in the interim to the court with respect to themselves and the child, the Juvenile Department also to make a similar full report at the end of six months, when "said cause shall come up for final determination." Appellees were prohibited from leaving the State with the child during the six-months interval; the court ordering an immediate transfer of custody despite filing of supersedeas bond by Pearl Green, who alone has appealed.

Two points are advanced by this party, (1) complaining of reversible error committed by the court in overruling her motion to permit further testimony assertedly vital to the issues, and (2) abuse of discretion in the order of temporary award; arguing that appellees have been conclusively shown to be incompetent and unfit persons. Counter points are suitably presented and briefed.

Corenbleth, Thuss & Jaffe, Dallas, for appellant.

J. P. Moseley and E. F. Kucera, both of Dallas, for appellees.

YOUNG, Justice.

This is a child custody case; the appeal following a temporary award of child to the parents, Fred and Agnes Green.

At this juncture we must take notice of the order appealed from. In no final sense does it dispose of the single issue of custody; on the other hand, definitely postponing same for future determination. Obviously a judgment or order on its face disclosing that the court has reserved further action thereon to a later date is interlocutory and not appealable, Tex.Jur., 3A, p. 117, necessitating a dismissal for want of jurisdiction. Tex.Jur., 3B, p. 193. Neither does appellant appear as an "interested" party within contemplation of Art. 2337, Vernon's Ann.Civ.St. She is not here asserting any right of custody, but merely seeking to defeat the claims of appellees. Her interest, in a legal sense, is no more than that possessed by the general public in the well-being of this child,—a matter committed by law to Juvenile authorities and being properly safeguarded under the record. Glover v. Cobb, Tex.Civ.App., 123 S.W.2d 794. The appeal is accordingly dismissed.