## UNION BUS LINES, Inc., v. SOUTH-WESTERN GREYHOUND LINES, Inc.

### No. 15346.

Court of Civil Appeals of Texas.
Fort Worth.

May 30, 1952.

Rehearing Denied June 27, 1952.

270

Rankin, Kilgore and Cherry, of Edinburg, for appellant.

Samuels, Brown, Herman & Scott, of Fort Worth, for appellee.

HALL, Chief Justice.

Appellee, Southwestern Greyhound Lines, Inc., sued appellant, Union Bus Lines, Inc., along with J. A. Pugh and Lottie Williamson, in a district court of Tarrant County, Texas, alleging that Pugh and Williamson were doing business under the partnership name of Atascosa Bus Lines, that such partnership owned Motor Bus Certificate No. 633, issued by the Railroad Commission. It was further alleged that appellant, Union Bus Lines, Inc., attempted to purchase from the said J. A. Pugh and Lottie Williamson, individually, their interest in said Certificate No. 633.

The main cause of action which was prosecuted to a termination by appellee was based upon a debt which the partnership of Pugh and .Williamson owed to it in the sum of $37,150, with interest, and foreclosure of a mortgage lien on said certificate. Pugh and Williamson had made application to the Railroad Commission for an approval of their conveyance to appellant herein and the same was set for hearing.

Appellee sought and was granted a temporary restraining order against appellant and the other defendants from proceeding with said application of sale, pending a hearing on the merits.

Appellant, Union Bus Lines, Inc., in its answer only raised a defense that the trial court had no jurisdiction to determine the subject matter until the Railroad Commission had acted upon the application of sale; therefore, it claims the suit was prematurely filed.

Trial was to the court which rendered judgment in favor of appellee and against the defendants Pugh and the estate of Lottie Williamson Pullen, then deceased, for the sum of $43,866 and foreclosure of the mortgage lien against said Certificate No. 633. The trial court permanently enjoined appellant and the other defendants from proceeding further concerning the attempted sale and transfer of said Certificate No. 633 to appellant.

Defendants Pugh and the legal representatives of the Williamson estate did not appeal.

Appellant's four points raise questions as follows:

(1) The trial court erred in holding the estate of Lottie Williamson was liable to appellee when she was not a party to the written obligation and contract between Pugh and appellee; and the act of lending said money to Pugh by appellee was an ultra vires act on the part of appellee;

(2) that the trial court erred in allowing appellee to introduce evidence as to the existence of a claim it had to an interest in said Certificate No. 633, because the same was a collateral attack upon the order of the Railroad Commission;

(3) The trial court erred in receiving evidence to establish a partnership relationship between Pugh and Williamson; and

(4) in holding that such partnership existed in the operation of Motor Bus Certificate No. 633.

Appellee filed its motion to dismiss this appeal because its subject matter has become moot; we overrule said motion.

Appellee challenges appellant's right to raise the questions here as set out in its points, because appellant's answer did not cover said assertions.

Appellant filed along with its answer some eleven special exceptions to appellee's petition, which were overruled and no question is here raised against such action by the trial court; and the other three paragraphs of the answer relate to challenging jurisdiction of the trial court. The points raised by appellant are addressed in the main to errors of the trial court in the way and manner it passed upon defenses available to Lottie Williamson estate and J. A. Pugh, from which action of the trial court they did not choose to appeal.

Since appellant did not plead or prove the right of subrogation, it cannot here assert it. Its action in undertaking to appeal from that part of the judgment involving only the rights of other defendants cannot be entertained by this court. Hopson v. Murphy, 4 Tex. 248; Chappell v. Brooks, 33 Tex. 275; Farmers Petroleum Co. v. Shelton, Tex.Civ.App., 202 S.W. 194, writ ref.; Blessings-Giddens Mill & Lumber Co v. Fuller, Tex.Civ.App., 166 S.W. 2d 173, writ ref.

Regardless of the above conclusion reached, there is sufficient evidence to support the trial court's findings. There was no sworn pleading on file at the time of trial denying the partnership between Pugh and Lottie Williamson, in accordance with Rule 93(f), T.R.C.P. See 32 Tex. Jur., pp. 261 and 397.

Appellee introduced in evidence notes for the amount of the judgment, executed by J. A. Pugh and in some instances by Atascosa Bus Lines by Pugh, together with mortgage instruments covering the subject matter.

Evidence is sufficient to establish the fact that appellant's president, at the time it entered into negotiations to purchase Motor Bus Certificate No. 633 from Pugh and Mrs. Williamson, knew of the existence of the loan and the claim which appellee had against said certificate. The evidence is also sufficient to support the trial court's finding that a partnership existed between Mrs. Williamson and Mr. Pugh at the time Mr. Pugh entered into the written contract in question with appellee, that such partnership existed in their operation of such certificate, and that they were the owners of said certificate.

Finding no error, judgment of the trial court is affirmed.