John B. COFFEE et al., Appellants,

v.

**WILLIAM MARSH RICE UNIVERSITY**
**et al., Appellees.**

No. 14472.

Court of Civil Appeals of Texas.

Houston.

Feb. 4, 1965.

Rehearing Denied Feb. 25, 1965.

·Bracewell, Reynolds & Patterson, Joe H. Reynolds, William Key Wilde, Wright Morrow, Houston, for appellants.

O. Don Chapoton, Alvin M. Owsley, Jr., Dillon Anderson, Tom M. Davis, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellees.

COLEMAN, Justice.

This suit was instituted by William Marsh Rice University and the duly appointed trustees thereof, for the purpose of determining whether, under a proper construction of the Indenture, pursuant to the terms of which the corporation was formed, the trustees, in the exercise of their discretion, are free to accept as students qualified applicants without regard to color and to charge tuition to those able to pay. The plaintiffs prayed, in the alternative, that the court authorize such action under the equitable doctrines of cy pres and deviation, and for a declaratory judgment. The Attorney General of Texas was named defendant, and he answered and participated in the trial.

Appellants, John B. Coffee and Val T. Billups, filed a petition in intervention, in which they alleged that they were proper parties to the suit, "having a direct interest in the subject matter of said suit, an adjudication of which cannot be made without affecting their interests as former students, alumni, donors, contributors and beneficiaries." They also alleged that they intervened as representatives of a class, "being many former students of and alumni of Rice Institute, as well as donors and contributors to Rice Institute, all being beneficiaries under the indenture under which William Marsh Rice established the Institute." They alleged that they, and the class they represent, made donations and contributions to Rice University pursuant to the indenture and, therefore, have an interest in the subject matter of the suit and the right to have the indenture upheld in accordance with its terms.

Other individuals, ex-students and alumni of Rice University, also filed a petition in intervention for themselves and as representatives of a class, in support of the position of the trustees, and they have not appealed, nor were they named as parties in the appeal bond filed herein.

The trial court submitted the case to the jury on special issues, and, based on the verdict of the jury, entered his judgment that William Marsh Rice University may now and hereafter admit as students qualified applicants without regard to their color or race, and may now and hereafter charge tuition for attendance at said university.

The Attorney General did not file a motion for new trial, give notice of appeal, or in any manner attempt to perfect an appeal from this judgment, and has not filed a brief in this Court. The intervenors did give notice of appeal in the judgment, and, after their motion for new trial was overruled, complied with procedural steps required for appealing the judgment.

No motion to dismiss appellants' petition in intervention was presented to the trial court, and it appears that the Attorney General permitted appellants to take the lead at the trial. While appellees have not filed a motion to dismiss this appeal, or in any manner brought to the attention of this Court the right of appellants to appeal from this judgment, we have reached the conclusion that our jurisdiction over the subject matter of the appeal has not been properly invoked, and that we must decline to entertain the appeal for the reason that an examination of the petition and answer demonstrates that appellants have no justiciable interest in the controversy. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638; Allred v. Beggs, 125 Tex. 584, 84 S.W.2d 223; Mueller v. Banks, Tex. Civ.App., 317 S.W.2d 256; Union Bus Lines, Inc. v. Southwestern Greyhound Lines, Inc., Tex.Civ.App., 250 S.W.2d 269, ref., n. r. e.; Gibson v. Richter, Tex.Civ. App., 97 S.W.2d 351; Green v. Green, Tex. Civ.App., 247 S.W.2d 583; State ex rel.

Cavanaugh v. Nelson, Tex.Civ.App., 170 S.W. 814; McCarty v. Duncan, Tex.Civ. App., 330 S.W.2d 899.

The corporate charter of Rice University, in which the Trust Indenture is quoted, is attached to the plaintiffs' original petition. By its terms a public charitable trust was created. It provided for the creation of a corporation to which the trust funds were to be transferred. The income from such funds, and all future donations, were to be expended by it for specified purposes, all of which are purely charitable. Taysum v. El Paso National Bank, Tex.Civ.App., 256 S.W.2d 172, error ref.

The general rule applicable to the question with which we are concerned is well stated in Cannon v. Stephens (1932), 18 Del.Ch. 276, 159 A. 234, as follows:

"Where a suit is concerned with a public charity, the general rule undoubtedly is that the attorney general as representative of the public is a necessary party, and has the preclusive right to sue. The general rule is not an incident to the charitable nature of the trust. That which supplies the foundation for the rule that suit to establish, protect or enforce a public charity should be conducted by the attorney general as representative of the State, is its public nature. Where the charity is for the benefit of the public at large or a considerable portion of it and the language of its creation is such that no particular individuals can be pointed out as the objects to be benefited by it, the necessity of the case requires a holding that the representative of the public is the only party capable of vindicating the public's rights in connection with the charity, for in such case no individual can come forward and point to himself as the designated object of the charity's benevolence."

This statement of the law is supported by decisions in the great majority of the states and a similar statement of the law is found

in many texts and treatises concerned with public charitable trusts. Anno. 62 A.L.R. 881; 124 A.L.R. 1237; Burbank v. Burbank, 152 Mass. 254, 25 N.E. 427, 9 L.R.A. 748; Gibson v. Frye Institute, 137 Tenn. 452, 193 S.W. 1059, L.R.A.1917D, 1062; Stearns v. Newport Hospital, 27 R.I. 309, 62 A. 132; Clarke v. Oliver, 91 Va. 421, 22 S.E. 175; Dickey v. Volker, 321 Mo. 235, 11 S.W.2d 278, 62 A.L.R. 858; Amundson v. Kletzing-McLaughlin Memorial Foundation College, 247 Iowa 91, 73 N.W.2d 114; Kenney Presby. Home v. State, 174 Wash. 19, 24 P.2d 403; Brown v. Memorial National Home Foundation, 162 Cal.App.2d 513, 329 P.2d 118, 75 A.L.R.2d 427, cert. den. 358 U.S. 943, 79 S.Ct. 353, 3 L.Ed.2d 352; American Law Institute, Restatement of Law, Trusts 2d, § 391; Bogert's Trusts and Trustees, 2nd Ed., Chapter 21; 15 Am. Jur.2d, Charities, § 120.

A Texas case supports the rule that one having no duty relating to a public charitable trust, nor any peculiar or individual right, distinct from that of the public at large, in or to the trust property, has no justiciable interest in a suit to enforce the execution of the trust, or to require an accounting thereof by the trustees. Carroll v. City of Beaumont, Tex.Civ.App., 18 S.W.2d 813, error ref. In Allred v. Beggs, 125 Tex. 584, 84 S.W.2d 223, the court ordered a suit dismissed which had been brought by the Attorney General for the reason that the trust involved was a private trust and the Attorney General had no justiciable interest in its enforcement. The court said:

"Before a court of equity is authorized to interfere to enforce a charitable trust, its jurisdiction must be invoked by some party authorized to initiate the proceeding. * * *

"* * * the person or party initiating the proceeding must have some interest in the subject-matter of the suit, or he must have power to bring it by virtue of his office. The Attorney

General only has power to bring such a suit when the trust or donation is to public charity only."

In the City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754, the Supreme Court of Texas stated:

"* * * no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some danger peculiar to himself. * * * It has been intimated that the reason this rule was established was in order to prevent a multiplicity of suits which might result if each individual were permitted to sue for damages resulting from a public nuisance which was common to all others, but we apprehend that the underlying principle is that individuals have a right to sue for a redress of their own private injuries, but for such as affect all the public alike an individual is not the representative of the public interest. The legislature of the state represents the public at large, and has full and paramount authority over all public ways and public places. * * * A suit in such case must be brought by such officer or officers as have been intrusted by the law-making power with this duty."

The reasoning on which this case is based has been approved, and it has been cited frequently by the Supreme Court of Texas in subsequent cases. It was cited in Staples v. State, 112 Tex. 61, 245 S.W. 639, and the Court held: "[A]ppellees were not possessed of legal capacity or right to institute and maintain this suit, and therefore the district court and the judge of the district court of Navarro county were without jurisdiction to act upon or hear same." See Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Glover v. Cobb, Tex.Civ.App., 123 S.W.2d 794, error ref.; Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287; Wilson v. Pierce, Tex.Civ.App., 123 S.W.2d

695; Laurel Land Memorial Park, Inc. v. Pinto, Tex.Civ.App., 358 S.W.2d 729, ref., n. r. e.

The jurisdiction of the District Court was properly invoked in this case by the trustees' petition which made the Attorney General a party. It is settled that the appeal of one party, having a justiciable interest in the matter, brings before the appellate court the entire case and all of the parties in such a way as to give it jurisdiction to render any judgment which may be proper to any relief against the judgment complained of to which the appellants may show *themselves* to be entitled. Thompson v. Kelley, 100 Tex. 536, 101 S.W. 1074; Pfeffer v. Meissner, Tex.Civ.App., 286 S.W. 2d 241, ref., n. r. e.; Gibson v. Richter, Tex. Civ.App., 97 S.W.2d 351.

It is equally true that appellate courts do not decide cases where no actual controversy exists between the parties at the time of the hearing, that is, moot cases, or cases that are not appealable under court rules or statutes. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638; Green v. Green, Tex.Civ.App., 247 S.W.2d 583; Travis County v. Matthews, Tex.Civ.App., 221 S.W.2d 347; Mueller v. Banks, Tex.Civ.App., 302 S.W.2d 447, error ref.

Neither can this Court consider points of error presented by an appellant when the matters complained of only affect the rights of a party not appealing. Blessing-Giddens Mill and Lumber Co. v. Fuller, Tex.Civ.App., 166 S.W.2d 173, ref., w. o. m.; Farmers' Petroleum Co. v. Shelton, Tex. Civ.App., 202 S.W. 194, error ref.

The general rule applicable, we think, to this case, is stated in 3 Tex.Jur.2d, Appeal and Error—Civil, § 196, as follows: "Unless a party's own interests or those of a party with whom he is in privity are prejudiced or aggrieved by the decision of the court, he is not entitled to appellate review. * * *"

Since no motion to dismiss the petition in intervention was filed, and no point is presented in this Court challenging its jurisdiction or the right of appellants to maintain the appeal, we accept as having been proved all *facts* alleged in the petition in intervention having any bearing on their right to intervene in this cause.

Appellants have alleged a special interest in this matter by reason of the fact that they are (1) former students and alumni, (2) donors, (3) contributors, and (4) beneficiaries.

The status of appellants as former students and alumni of Rice University does not create in them a justiciable interest. An interest in the matter at issue based on sentiment alone will not support an appeal. Unless substantial rights of a party are prejudiced by a judgment, he cannot maintain an appeal. City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W.2d 695; 3 Tex.Jur., Appeal and Error—Civil, § 197 et seq.

Neither as alumni, nor as potential or past beneficiaries, have appellants been given any peculiar or individual rights, distinct from those of the public at large, in or to the trust property by the Indenture; nor have they been charged with any duty relating to the trust by that instrument. By the terms of the Indenture the number of potential beneficiaries is large and indeterminate. We see no reason why the fact that in the past appellants may have received special benefits from the trust gives them a justiciable interest in the subject matter of this suit. Carroll v. City of Beaumont, supra.

A more difficult question arises on consideration of the allegation that appellants are donors and contributors to the endowment fund. However the great weight of authority supports the rule that neither the donors of a fund devoted exclusively to charitable purposes, nor contributors to such a fund, have such an

interest in the fund as to entitle them to maintain suit to interfere with, or direct, the management of the fund by the trustees. In 15 Amer.Jur.2d, Charities, § 120, cases from many jurisdictions are cited in support of this rule and of the following proposition:

"As a general rule, where a fund collected for a charitable purpose is made up of contributions from many persons, no one of them is entitled to call the trustees to account for misapplication of the fund or breach of trust. A mere contributor, to have a foothold for questioning disposition of the fund, must have some special interest in the trust or reversionary interest in the fund different from that of fellow contributors."

The power and duty of the Attorney General to represent, and protect the interests of, the general public in charitable trusts is clearly defined in Art. 4412a, Vernon's Ann.Tex.Civ.St., providing that "[f]or and on behalf of the interests of the general public" the Attorney General shall be a necessary party to any action the purpose of which is to depart from the objects of a charitable trust as provided in the instrument creating it, or to construe, nullify or impair its provisions; providing that the judgment rendered in any such suit where the Attorney General is not a party shall be void and unenforceable, and empowering the Attorney General to join in settling or compromising any such suit or controversy, but prohibiting such settlements without his joinder. It is clear that by this act the legislature has designated the Attorney General as the sole representative of the general public in these matters.

■ His duty and power in this respect cannot be assumed by anyone else whether with or without his consent. City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754; Staples v. State, 112 Tex. 61, 245 S.W. 639. His action in electing not to

appeal from the judgment rendered by the trial court in this case renders that judgment final and binding insofar as the interests of the general public are concerned.

■ Certain provisions of the Texas Trust Act, Art. 7425b—1 et seq., V.A.T.S., are applicable to the question under consideration. By paragraph A of Section 24 of that article the district court is specifically granted original jurisdiction to construe the provisions of any trust instrument and to determine the powers, responsibilities, duties and liability of trustees. Paragraph C then provides in part: " * * * [a]ctions hereunder may be brought by a trustee, beneficiary, or any person affected by or having an active interest in the administration of the trust estate. * * *" It is our considered opinion that appellants have not brought themselves within any named class of persons empowered to sue and that from the fact that certain persons were named in the act an intention to exclude all others from its operation may be inferred—expressio unius est exclusio alterius.

The Supreme Court of Texas, in McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265, after holding that the Supreme Court has the same power as the Courts of Civil Appeals to consider fundamental error, said:

"We cannot blindly affirm an erroneous judgment which adversely affects the public interest, or a decree entered by a trial or intermediate appellate court which had no jurisdiction of the subject matter, merely because the litigants have not seen fit to assign the error."

In Armstrong v. West Texas Rig Company, Tex.Civ.App., 339 S.W.2d 69, ref., n. r. e., the court said: " * * * [w]here jurisdiction or authority to act in a particular case does not exist, it may not be conferred on the court by stipulation or agreement of the parties, nor is it a matter

which is subject to waiver by the parties. * * *"

· We reluctantly decline to consider the merits of this appeal and order that the appeal be dismissed. Court costs incurred on this appeal are assessed against appellants.

Appeal dismissed.