**William S. KASKA, Jr., Appellant,**

v.

**HOME OF HOLY INFANCY, Appellee.**

No. 11274.

Court of Civil Appeals of Texas.

Austin.

Feb. 24, 1965.

Rehearing Denied March 17, 1965.

Coffee, Ritter & Goldston, Austin, for appellant.

Sneed & Vine, J. P. Darrouzet, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the District Court granting appellee's motion for summary judgment.

The appeal is based on two points and are that the court erred in granting appellee's motion for summary judgment because appellant was entitled to a hearing to determine if the child was, in fact, dependent and neglected when so adjudged, and that appellant was entitled to a hearing on the question of custody of the child.

The facts are not in dispute. Appellant filed his petition for *habeas corpus* seeking the custody of his *unnamed* minor child, alleging that he was the father of the child

and that the mother of the child and appellant were married in June 1963 in the State of Oklahoma, at which time the mother of the child was pregnant; that the contracting parties lived together for about two weeks; that in September 1963 the marriage was annulled in a District Court of Dallas County, Texas, in which proceedings appellant was represented by counsel and did not contest the action, but did consent thereto.

It is our opinion that this case has not been sufficiently developed for the rendition of a summary judgment or any other species of judgment. The principal omission in the record is that it is not shown who has custody of the infant child of appellant, and where such custody is exercised.

Appellant alleged in his sworn pleading that the child was in the custody of appellee. He also alleged that he had been informed by Sister Martina, an official of appellee, that, "said child had been placed for adoption with a good Catholic family two days after birth" and that Sister Martina had declined to give him "any information which would enable him to identify said child by name or locate said child in any way."

Appellee answered this pleading by a general denial.

We construe the pleadings of appellant as failing to conclusively allege that appellee has custody of this child. In fact, it appears to us that he has alleged specifically to the contrary. In any event, until this question is settled the cause was not ripe for judgment of any character. If it develops that appellee does not have custody of this child, then no effective judgment could be rendered regarding its custody. The person or persons having such custody are, in our opinion, indispensable parties to a habeas corpus proceeding involving its custody.

Green v. Green, Tex.Civ.App., 247 S.W. 2d 583, Dallas C.C.A., no writ sought, was a child custody case in which the child's grandmother who had had possession of the child turned it over to "other parties" who could support it and were willing to take steps toward its adoption. The grandmother attempted to appeal from the judgment rendered in the case and her appeal was dismissed, the Court saying:

"Neither does appellant appear as an 'interested' party within contemplation of Art. 2337, Vernon's Ann.Civ.St. She is not here asserting any right of custody, but merely seeking to defeat the claims of appellees. Her interest, in a legal sense, is no more than that possessed by the general public in the well-being of this child,—a matter committed by law to Juvenile authorities and being properly safeguarded under the record."

Appellee appears to have the same legal status as the grandmother in Green.

Until the person or persons having custody of this child are brought before the court it cannot be determined whether the court below has jurisdiction of the parties or infant or whether venue is properly laid or what order as to its custody should be made.

The summary judgment is vacated, and this cause is reversed and remanded.

Reversed and remanded.