**Fayette McCoy KEITH, Appellant,**

v.

**Kelly SPRATLAN, Appellee.**

**No. 891.**

Court of Civil Appeals of Texas, Tyler.

Nov. 20, 1975.

Rehearing Denied Dec. 11, 1975.

Rex Kirby, Kirby & Kirby, Tyler, for appellant.

A. D. Clark, III, Asst. Crim. Dist. Atty., for appellee.

Reagan E. Hunter, Tyler, for Guardian Ad Litem.

McKAY, Justice.

Appellant, Fayette McCoy Keith, brings this appeal from a decree of the Domestic Relations Court of Smith County, Texas, which terminated the parental rights of appellant to her child, Theresa Lynn Keith. The suit to terminate parental rights was instituted by appellee, Kelly Spratlan, on behalf of the State Welfare Department under Tex.Family Code Ann., Sections 11.03 and 15.02 (1974). The decree recited that appellant and the father, Ronnie Lee Keith, had each ". . . engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child" and ". . . that termination would be in the best interest of the child." Accordingly, the parent-child relationship between the mother and the father and the child was ordered terminated.

In her first point, appellant asserts error in that she failed to receive proper service of citation or notice of the proceedings to terminate her parental rights. Appellee, in her reply point, admits that appellant was not properly served and requests that we remand that portion of the cause dealing with the parental rights of appellant to the trial court.

Tex.Family Code Ann., Section 11.01 (1974), provides:

"(5) 'Suit affecting the parent-child relationship' means a suit brought under this subtitle in which . . . termination of the parent-child relationship is sought."

Tex.Family Code Ann., Section 11.09 (1974), further provides:

"(a) The following persons are entitled to service of citation on the commencement of a suit affecting the parent-child relationship:

*    *    *    *    *    *

"(7) each parent, . . ."

Therefore, appellant's first point is sustained.

In light of the foregoing, consideration of appellant's remaining points is rendered unnecessary except for her points 5 and 6 in which she asserts that there was no evidence or that there was insufficient evidence to support the trial court's termination of the parental rights of the father, Ronnie Lee Keith.

Tex.Family Code Ann., Section 11.19 (1974) sets forth the following:

"(a) Appeals from orders, decrees, or judgments entered in suits affecting the parent-child relationship, when allowed under this section or under other provisions of law, *shall be as in civil cases generally.*" (Emphasis added.)

The father was properly served, but he filed no answer, made no appearance, and has prosecuted no appeal from the judgment. Therefore, the judgment of the trial court has become final as to the father. *Shell Petroleum Corporation v. Royal Petroleum Corporation,* 135 Tex. 12, 137 S.W.2d 753, 759 (1940, opinion adopted). We cannot entertain appellant's attempted appeal from that part of the judgment involving only the rights of the father because appellant lacks a justiciable interest in the fa-

ther's rights. *Manning v. State,* 423 S.W.2d 406 (Tex.Civ.App.—Austin, 1968, writ ref'd, n. r. e.); *Union Bus Lines, Inc. v. Southwestern Greyhound Lines, Inc.,* 250 S.W.2d 269 (Tex.Civ.App.—Fort Worth, 1952, writ ref'd, n. r. e.).

Those portions of the judgment of the trial court terminating the parental rights of appellant and appointing appellee managing conservator of the minor child are reversed and the cause is remanded to that court for a new trial.

Reversed and remanded.